UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| William M., | File No. 26-cv-346 (ECT/DJF) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

---

David L. Wilson and Gabriela Sophia Anderson, Wilson Law Group, Minneapolis, MN, for Petitioner William M.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

---

Petitioner William M. is an Ecuadorian citizen who has resided in the United States since in or about 2013, when he entered the country without inspection. Pet. [ECF No. 1] ¶¶ 27–28. "Respondents did not encounter [William] at the time of his entry." *Id.* ¶ 29. William has a pending U visa application for which he received a bona fide determination,

and the Petition alleges that "[a]t the time of his detention, [William] had deferred action and a valid employment authorization document." Pet. ¶ 31; *but see* ECF No. 2-2 at 2 ("Because USCIS has determined your petition is bona fide and you warrant a favorable exercise of discretion, you *may* be issued an employment authorization document and *may* be placed in deferred action." (emphasis added)). "Respondents detained [William] in Minnesota on January 15, 2026." Pet. ¶ 30. "Respondents detained [William] without a warrant of arrest." *Id.* ¶ 69. William "is presently held in ICE custody in Minnesota," though "[i]t is unknown which facility within Minnesota is holding him." *Id.* ¶¶ 14, 36. William "has no criminal history that subjects him to mandatory custody under 8 U.S.C. § 1226(c)." *Id.* ¶¶ 32, 35.

Here, William challenges his detention under 28 U.S.C. § 2241. *Id.* ¶ 8. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). *Id.* ¶¶ 2–4, 34, 37–62; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to William, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations. Pet. ¶¶ 71–93. He seeks an order granting his "immediate release" because he was "detained . . . without a warrant of arrest or apprehension"; alternatively, an order requiring Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a); a declaration that Respondents action is arbitrary and capricious, that Respondents failed to adhere to their regulations, and that he is not subject to detention

under § 1225(b)(2); a declaration that William's detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment; reasonable attorneys' fees and costs; and an order enjoining his transfer out of the District of Minnesota during the pendency of this case. *Id.* ¶ 83; *id.* at 23–24.

In a one-paragraph response, Respondents state that William's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). ECF No. 5. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

William has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025

---

[1] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider William's petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). William has lived in the United States for approximately twelve years. His detention falls under § 1226 and not § 1225(b)(2).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

4

the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, William requested in his Petition that he be immediately released because he was "detained without a warrant of arrest."  Pet. ¶ 69; *accord id.* at 24.  Respondents have not produced any warrant, nor have they advanced any specific argument that William's release is an unwarranted remedy.  *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention.  The typical remedy for such detention is, of course, release." (citation modified)).

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner William M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 19, 2026, at 2:25 p.m.     s/ Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court

6